IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMANDO RUIZ, et al.,

    Plaintiffs,

v.

MAJOR CRIMES TASK FORCE, et al.,

    Defendants.

No. C 03-5864 MJJ

**ORDER**

    Before the Court is Plaintiffs' counsel's motion to withdraw as counsel. On August 2, 2005, Plaintiffs' counsel, L. Scott Spears, filed a declaration in support of his motion in which all but one (Neyrot Zuniga Gonzales) of his clients indicate his or her consent to the proposed withdrawal. Plaintiffs' counsel also submitted his own declaration representing to the Court that Plaintiff Armando Ruiz "shall represent Plaintiffs In Pro Per on behalf of all Plaintiffs, with the exception of Neyrot Zuniga Gonzales," who, according to Mr. Spears, no longer wishes to be a plaintiff in this action. (Declaration of L. Scott Spears, ¶¶ 3–4.)

    First, the Court finds that Plaintiff Armando Ruiz cannot represent the other Plaintiffs in this action. He is not admitted to the practice of law and *pro se* litigants cannot represent anyone but themselves. *C.E. Pope Equity Trust v. United States*, 828 F. 2d 696, 697 (9th Cir. 1987). Thus, the Court finds that Plaintiffs' counsel's proposed withdrawal is not accompanied by a valid agreement of his clients to appear *pro se*. The proposed withdrawal is also not accompanied by a simultaneous

appearance of substitute counsel.  In such circumstances, Civil Local Rule 11-5(b) requires that leave to withdraw is "subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or *pro se*."  Moreover, the withdrawing counsel must notify his clients of this condition and any filed consent to his withdrawal under these circumstances must include acknowledgment of this condition.  CIVIL L.R. 11-5(b).  Here, the declaration indicating Mr. Spears' clients' consent to the withdrawal does not contain an acknowledgment of this condition and is, thus, deficient.  Counsel is hereby **ORDERED** to submit a supplemental declaration satisfying this requirement.

Second, Plaintiffs' counsel is hereby **ORDERED** to provide additional factual detail regarding Plaintiff Neyrot Zuniga Gonzales' position on counsel's motion to withdraw.  Counsel's representation that Gonzales has indicated that he "no longer wishes to act as a Plaintiff in this litigation" is insufficient to explain why the Court should grant counsel's motion to withdraw absent his written consent.  In the event that Mr. Gonzales' consent cannot be obtained, counsel must submit a brief, no more than three pages in length, by August 10, 2005, explaining why his motion should be granted despite his failure to obtain consent to the withdrawal from all clients.

**IT IS SO ORDERED.**

Dated: August__2__, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE